IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**LESTER JOSE SALAZAR,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-CR-476-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant requests that the court release him from custody due to Covid-19 and his father's many medical conditions or, in the alternative, that the court modify his sentence and release him to home confinement. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). In this case, Defendant exhausted his administrative remedies with the Bureau of Prisons and filed his own motion [ECF No. 30]. Pursuant to General Order 20-019, the United States filed an opposition to Defendant's motion, and the United States Probation Office filed a recommendation opposing Defendant's early release. Defendant did not file a reply in support of his motion.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant,

Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

In September 2018, Defendant was arrested on the charges to which he subsequently pleaded guilty. [EFC No. 4.] Pursuant to his guilty plea, the court sentenced Defendant to 84 month's imprisonment, with 36 month's supervised release including standard and special conditions. [EFC No. 25.] The judgment was entered on August 19, 2019. As of the date of Defendant's Motion for Compassionate Relief, Defendant has served just over 22 months, which is less than 30 percent of his original sentence. [EFC No. 30-2.]

Defendant moves the court to reduce his term of imprisonment so that he can be released to care for his father. [EFC No. 28.] Defendant's father is 79 and suffers from "congenital heart failure, hypertension, and is diabetic." [EFC No. 28.] Defendant claims that he is "the only family member available to be the care giver [sic]." [EFC No. 28.] The Government opposes Defendant's motion, arguing that being the only caregiver for a parent is not an "extraordinary and compelling" reason to warrant a sentence reduction. [EFC No. 31.] The court agrees with the Government.

At the outset, the court notes that the United States Probation Office demonstrated that the Defendant has a brother, an adult daughter, and other relatives who could potentially provide care to Defendant's father and that Defendant's father has thus far managed to receive adequate care without Defendant's help. Even taking as true Defendant's claim that he is the only person available to care for his father, that alone does not amount to an "extraordinary or compelling" reason to reduce his sentence.

The Sentencing Commission's policy statements define "extraordinary" or "compelling" reasons" to include: "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S. Sentencing Guideline Manual § 1B1.13, cmt. n1(C). While the court empathizes with Defendant's desire to care for his father, "family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed under the policy statement and do not encompass providing care to elderly parents." *United States v. Goldberg*, No. CR 12-180, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020); *see also United States v. Ruiz*, No. CR 12-3186, 2020 WL 3265244, at *2 (D.N.M. June 17, 2020) (noting there are many "cases that have found that caring for elderly parents is not sufficient to show 'extraordinary and compelling' circumstances").

Lastly, Defendant's alternative request for the court to modify his sentence to home confinement is beyond the court's authority under this motion. Defendant's request for relief in the form of home confinement falls outside of section 3582(c)'s limited grant of authority to this court to modify a sentence post-conviction. In short, since Defendant does not meet the criteria under 18 U.S.C. § 3582(c)(1)(A), the court has no authority to otherwise amend Defendant's sentence.

## CONCLUSION

Based on the above reasoning, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 28] is DENIED.

Dated this 20th day of October, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge